956 F.2d 1174
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald S. DICK, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 91-3590.
 United States Court of Appeals, Federal Circuit.
 Feb. 24, 1992.
 
 Before RICH, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Ronald S. Dick ("Mr. Dick") appeals from the Merit Systems Protection Board's ("MSPB" or "Board") August 20, 1991 decision, Docket No. DC34439110645, dismissing Mr. Dick's appeal after it determined that it was without jurisdiction to hear his case. We affirm.
 
 OPINION
 
 2
 Mr. Dick, who had been employed with the Department of the Army ("Army"), was removed from his position of Supervisory Research Analyst, GS-1515-13, effective August 10, 1984. Mr. Dick appealed the Army's decision to remove him to the MSPB. On November 29, 1984, the MSPB issued an initial decision affirming the Army's decision to remove Mr. Dick. Ronald S. Dick v. Department of the Army, MSPB Case No. DC04328410608, aff'd, 27 M.S.P.R. 205 (Table of short denials and dismissals, March 1, 1985).
 
 
 3
 By letter dated June 22, 1991, Mr. Dick filed the present appeal with the MSPB's Washington regional office challenging, among other things, the Army's decision to remove him effective August 10, 1984.[1] He also alleged that the Army failed to restore him in time of war in January 1991, or to answer his letter requesting restoration.
 
 
 4
 By order dated June 26, 1991, the Board ordered Mr. Dick to submit evidence to demonstrate that his action was within the Board's jurisdiction. Mr. Dick never submitted such evidence. In contrast, the Army's response established that the Army's decision Mr. Dick sought to challenge had already been reviewed and affirmed by the MSPB in the above-referenced action and is, therefore, barred by res judicata. Young Engineers, Inc. v. United States International Trade Commission, 721 F.2d 1305, 1314 (Fed.Cir.1983). In addition, Mr. Dick failed to file a grievance with the Army regarding any issues in his appeal. Finally, the MSPB found that there is no law, rule or regulation which provided Mr. Dick with a right to appeal from the Army's failure to restore him in a position in time of war. Having failed to meet his burden of proof regarding jurisdiction, see 5 C.F.R. § 1201.56(a)(2)(i), the Board dismissed Mr. Dick's appeal.
 
 
 5
 The Board's decision must be affirmed unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulations having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). We find no such error here and, accordingly, affirm.
 
 
 
 [1]
 Mr. Dick also referred to other claims he had against the Social Security Department. However, those claims have been addressed in another appeal, Ronald S. Dick v. Department of Health and Human Services, Fed.Cir. No. 91-3589, filed September 3, 1991